**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL RAY HOGAN, | ) |
|     Petitioner, | )    2:97-cv-00927-JCM-PAL |
| vs. | ) |
| | )    **ORDER** |
| RENEE BAKER, *et al.*, | ) |
|     Respondents. | ) |

In this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, petitioner Hogan has filed a motion for evidentiary hearing with respect to Claim Two(H) in his fourth amended petition (ECF No. 139).

In a federal habeas action such as this one, the court's ability to grant an evidentiary hearing is limited by the AEDPA[1] provision at 28 U.S.C. § 2254(e)(2), which provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>   (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996.

  discovered through the exercise of due diligence; and

  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Supreme Court has interpreted subsection (e)(2) as precluding an evidentiary hearing in federal court if the failure to develop a claim's factual basis in state court is due to a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000)

  In addition, the Supreme Court in *Cullen v. Pinholster*, 131 S.Ct.1388 (2011), held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at 1398. The Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and, therefore, the record under review must be "limited to the record in existence at that same time, i.e., the record before the state court." *Id*. Thus, an evidentiary hearing serves no purpose with respect to any claims for which § 2254(d) precludes habeas relief. *See Pinholster*, 131 S. Ct. at 1411 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end."); *see*, *also*, *Sully v. Ayers*, 2013 WL 3988674, 14 (9th Cir. 2013) (holding that lower court did not abuse its discretion in denying an evidentiary hearing on ineffective assistance claims that had been adjudicated in state court).

  Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted).

  In Claim Two(H), Hogan alleges that his constitutional right to effective assistance of

counsel was violated because trial counsel failed to adequately investigate the legality of an Iowa manslaughter conviction that the State used as an aggravating circumstance. As the factual basis for the claim, Hogan contends that counsel failed to investigate the prior conviction because he was suffering from an illness, had insufficient time to prepare, and lacked investigative resources. He further contends that an adequate investigation would have revealed that (1) the conviction, which was based on a guilty plea, was invalid under Iowa and federal law and (2) it did not involve a crime of violence because Iowa law at the time did not distinguish between voluntary and involuntary manslaughter and evidence shows that the victim's death was accidental. According to Hogan, counsel's failure caused him to lose the opportunity to timely challenge his conviction in Iowa and Nevada.

In support of his motion for an evidentiary hearing, Hogan argues that § 2254(e)(2) does not bar an evidentiary hearing because he did not fail to develop the factual basis for Claim Two(H) in state court. He further argues that he is entitled to a hearing because Ground Two(H) presents a colorable claim for relief and he meets several of the factors identified in *Townsend v. Sain*, 372 U.S. 293, 313 (1963).[2]

In opposing the motion, respondents argue that *Townsend* was abrogated by AEDPA. They also contend that Hogan is misguided in relying upon *Insyiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005), a post-AEDPA case that confirmed the continuing viability of *Townsend* in cases where the applicant has not failed to develop the facts in state court. *See Insyiengmay*, 403 F.3d at 669-70. According to respondents, the relevant holdings in *Townsend* and *Insyiengmay* have been substantially undermined by subsequent Supreme Court cases, such as *Pinholster* and *Landrigan*.

---

[2] The factors are as follows: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Id*.

1    While respondents are correct in the sense that *Pinholster* "dramatically changed the aperture for consideration of new evidence" in federal habeas courts (*Stokley v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011), it does not foreclose the federal court from considering new evidence if the petitioner can surmount § 2254(d). *Pinholster*, 131 S.Ct. at 1401, 1400 n. 5. Thus, this court first looks to whether the state-court adjudication of Ground Two(H) resulted in a decision that was contrary to, or involved an unreasonable application of, established federal law or that was based on an unreasonable determination of the facts in light of the evidence before the state court. *See* 28 U.S.C. § 2254(d); *Pinholster*, 131 S.Ct. at 1399 ("[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" (quoting *Landrigan*, 550 U.S. at 474)).

*Strickland v. Washington*, 466 U.S. 668 (1984), provides the relevant federal law in determining whether counsel's assistance failed to meet constitutional standards. Under *Strickland*, a habeas petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance was prejudicial. *Strickland*, 466 U.S. 668, 687-88 (1984).

Hogan presented Claim Two(H) in his second state post-conviction proceeding. In that proceeding, the state district court dismissed his petition on procedural grounds, concluding that the Nevada Supreme Court had already determined that Hogan received effective assistance of trial and appellate counsel and that, therefore, his petition was a successive petition under Nev. Rev. Stat. § 34.810. ECF No. 142-4, p. 181-85. On appeal, Hogan argued that lower court's imposition of the procedural bar was erroneous because he is "actually innocent" of the two aggravating circumstances on which his death sentence is based and that the law of the case doctrine did not apply because he was presenting a different factual and legal issue. ECF No. 143-4, p. 96-129.

In support of this argument, he explained that, subsequent to the dismissal of his prior state post-conviction proceeding, he sought relief from the manslaughter conviction in the Iowa courts.

*Id*. In that proceeding, an assistant county attorney representing the State of Iowa had stipulated that Hogan's guilty plea to the manslaughter charge was unconstitutional and violated Iowa law.[3] Even so, the Iowa Supreme Court determined that Hogan's challenge to the conviction was untimely and rejected it on that basis. *Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990).[4]

The Nevada Supreme Court determined that Hogan's claim that his guilty plea was defective failed because the Iowa Supreme Court, in denying Hogan's challenge as untimely, "found no factual basis for relieving Hogan of his felony conviction for manslaughter and there is no basis for presuming that the Iowa court ignored constitutional grounds for granting such relief." *Hogan v. Warden, Ely State Prison*, 860 P.2d 710, 713 (1993). The Nevada Supreme Court also noted, in a footnote, that it had previously held that the Iowa plea canvass met the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), and had rejected Hogan's contention that his guilty plea was "constitutionally infirm." *Hogan*, 860 P.2d at 713 n.5 (citing *Hogan v. State*, 732 P.2d 422, 424 n. 1

---

[3] The stipulation includes the following passage:

> That on or about January 25, 1971, [Hogan], then the Defendant in Black Hawk County Case No. 151319, entered a plea of guilty to the charge of manslaughter. That said plea was unconstitutional in violation of Iowa law as follows:
>
> a. That the Defendant was not provided with adequate assistance of counsel in regards to the rights waived and the sentence to be received through a plea of guilty, nor the effect of said plea.
>
> b. That the Court did not comply with the then existing Iowa Law as stated in <u>State v. Sisco</u>, 169 N.W.2d 542 (Iowa 1969).

ECF No. 142-3, p. 19. Among other things, *Sisco* requires the court accepting a guilty plea to "address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consequences of the plea, and that it is entered voluntarily." *Sisco*, 169 N.W.2d 549.

[4] The Eighth Circuit Court of Appeals determined that Hogan's federal habeas action attacking the conviction failed because he was no longer "in custody" for the purposes of 28 U.S.C. § 2254 and, in addition, a federal court sitting in Iowa lacked in personam jurisdiction to entertain hi's habeas petition because neither he nor his Nevada custodian were located in Iowa. *Hogan v. State of Iowa*, 952 F.2d 224, 225 (8th Cir. 1991).

5

(Nev. 1987).

As to whether the State had proved that the manslaughter conviction involved the use or threat of violence, the Nevada Supreme Court stated:

> Hogan insists that irrespective of the constitutionality of his Iowa conviction, there was no evidentiary basis for finding that his crime involved the use or threat of violence on the person of the victim. Hogan is wrong. The record reflects that before the district court allowed evidence of the Iowa conviction to be introduced as an aggravating circumstance, the State provided the court with a transcript of the Iowa plea proceeding that conclusively demonstrated that Hogan resorted to violence in the commission of his crime.

*Hogan*, 860 P.2d at 713.

And, although it determined that Hogan had not overcome the procedural default, the Nevada Supreme Court addressed Hogan's ineffective assistance of counsel claim:

> Hogan's attempt to revisit the issue of ineffective assistance of counsel at the trial and appellate levels must also fail. We have previously determined, and it is now the law of the case, that Hogan's trial and appellate counsel were clearly effective and that the criteria for relief established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), have not been satisfied. The primary gravamen of Hogan's ineffective assistance of counsel claim relates to what he considers the failure to investigate the constitutional validity of his Iowa conviction. We have revisited the Iowa conviction in the instant case and have concluded from the evidence of record that any additional investigation of the circumstances of that conviction by defense counsel would have been unavailing. Hogan's contention is without merit.

*Hogan*, 860 P.2d at 716.

The Nevada Supreme Court's decision is flawed on two important points. First, the Iowa Supreme Court's rejection of Hogan's attempt to set aside his guilty plea was based entirely on a determination that he had failed to overcome Iowa's three-year time bar on petitions for post-conviction relief. *Hogan*, 454 N.W.2d at 361. Neither the Iowa Supreme Court, nor the Nevada Supreme Court in relying upon the Iowa decision, addressed whether Hogan's guilty plea was invalid under Iowa law.

Hogan's ineffective assistance of counsel claim is premised, in large part, on trial counsel's failure to *timely* challenge Hogan's manslaughter conviction in the Iowa courts. While perhaps not

dispositive on the issue, the stipulation of the county attorney establishes at least a reasonable likelihood that such a challenge would have been successful, which, in turn, would have precluded the State of Nevada from using the conviction as an aggravating circumstance to support the death penalty. The Nevada Supreme Court's failure to recognize or address this point constituted an unreasonable application of the *Strickland* standard.

While that alone means that Hogan has met the § 2254(d)(1) requirement with respect Claim Two(H), the Nevada Supreme Court also failed address the fact that, at the time Hogan entered his guilty plea, Iowa law did not distinguish between voluntary and involuntary manslaughter. Instead, the Nevada Supreme Court was satisfied that the Iowa manslaughter conviction involved the threat or use violence based entirely on statements made by Hogan's attorney and the prosecutor at the Iowa plea hearing.[5] The problem with that reasoning, as it pertains to Hogan's claim of ineffective assistance of counsel, is that the only evidence the State presented to the jury in the penalty phase to support the aggravating circumstance was the authenticated copy of the judgment of conviction.

---

[5] The Nevada Supreme Court quoted the following statements of Hogan's counsel, Mr. Rothschild, and the prosecutor, Mr. Dutton:

> Mr. Dutton: I think perhaps the Court should be apprised of our reason for accepting that plea [manslaughter, where Hogan was charged with open murder]. As the Court was aware last week, the body was re-autopsied and it was determined at that time that the blow which the victim received on the top of the car during an altercation on the main street of Dunkerton was the cause of the fracture and the cause of death, and the facts leading up to that altercation and that blow are indicative of the crime of manslaughter as opposed to first or second degree murder, and it is our conclusion from reviewing the evidence in light of this new medical evidence that a plea to manslaughter is not only appropriate, but proper under the circumstances.
>
> Mr. Rothschild: For the record, Your Honor, the Defendant now appears in person and by counsel and hereby enters a plea of guilty to the crime of manslaughter. I might say also to the statement of Mr. Dutton, when the Amended Minutes were filed Mr. Martin [Hogan's co-counsel] and I checked out the theory of the fracture which resulted from the blow on the car as the cause of death. We checked with medical authority and came to the conclusion that, indeed, this was what happened and that this was the cause of death. Mr. Hogan at this time still denies that he pushed this girl out of the car, *but he does admit that he struck her head against the car, and on our advice he has entered a plea of guilty thereon*. (Emphasis added.)

*Hogan*, 109 Nev. 956, 860 P.2d 710, 713-14 (1993).

1    At the time of that judgment, manslaughter in Iowa included "an *accidental killing* on the part of one engaged in some unlawful act; or by one thus engaged, who acts without malice, though he inflict the injury intentionally." *State v. Quan Sue*, 179 N.W.2d 972, 980 (Iowa 1920) (emphasis added). The jury in Hogan's case was not informed of this. And, the prosecutor argued to the jury that the judgment of conviction alone showed that Hogan's violent acts had previously caused the death of another. Docket no. 7, Exhibit P, p. 36, 52, 53.[6] Defense counsel did not object to this argument and did not present any evidence or argument at all in relation to the aggravating circumstance.

In sum, the Nevada Supreme Court's conclusion that Hogan was not prejudiced by counsel's failure to adequately challenge the aggravating circumstance was an unreasonable application of the *Strickland* standard. Thus, *Pinholster* does not preclude this court from considering evidence not presented to the Nevada courts. *See Hurles*, 752 F.3d 768, 778 (9th Cir.) (clarifying that, if the state court adjudication of the claim resulted in a decision contrary to or involving an unreasonable application of clearly established federal law, *Pinholster* does not prevent the federal court from considering evidence not presented to the state court). In addition, an evidentiary hearing is not foreclosed by 28 U.S.C. § 2254(e)(2) because any failure by Hogan to develop the factual basis for Claim Two(H) in the second state post-conviction proceedings was due, not to his lack of diligence, but rather the state court's dismissal of the claim on procedural grounds.

Finally, the respondents are incorrect to the extent that they argue that *Townsend* is no longer relevant in determining whether a habeas petitioner is entitled to an evidentiary hearing. There is no holding or language in *Pinholster* or *Landrigan*, or any other Supreme Court case, that limits the availability of an evidentiary hearing under *Townsend* in cases where the state court has unreasonably applied the federal law standard for the purposes of § 2254(d) and the restriction under

---

[6] This portion of the state court record was first filed in Hogan's previous federal habeas proceeding this court (Case no. CV-S-89-182-LDG), then, by court order, transferred to and filed in this case on August 6, 1997. Consequently, it is not part of the CM/ECF docket.

1 § 2254(e)(2) does not apply.  Because, through no fault of his own, Hogan was not afforded a full and fair hearing by the state court and Claim Two(H) is a colorable *Strickland* claim, he is entitled to an evidentiary hearing.  *See Insyxiengmay*, 403 F.3d at 671 (applying *Townsend*).

Having demonstrated his entitlement to an evidentiary hearing, Hogan is permitted, under Rule 7 of the Rules Governing Section 2254, to include the exhibits he has attached to his petition as part of the record in this case.  *See Holland v. Jackson*, 542 U.S. 649, 653, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004); *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).  In requesting an evidentiary hearing, he has not specified what additional evidence, beyond these exhibits, he intends to proffer in support of Claim Two(H).[7]  Thus, prior to ordering a hearing, the court shall require Hogan to identify what, if any, evidence he intends present beyond the materials he has already submitted herein.  The respondents shall file response and, in accordance with Rule 7(c), have an opportunity to admit or deny the correctness of the materials Hogan has submitted.

**IT IS THEREFORE ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 179) is GRANTED.

**IT IS FURTHER ORDERED** that, within **30 (thirty) days** of the date this order is entered, petitioner shall file a notice indicating what, if any, evidence he proposes to present in support of Claim Two(H) beyond that which has already been submitted herein.  Respondents shall then have **30 (thirty) days** to file a response and to deny the correctness of any of the materials petitioner has submitted.  The court shall then determine whether an evidentiary hearing is warranted.

DATED: September 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[7] Included in Hogan's exhibits is the deposition of defense counsel taken as part of these proceedings in May of 2000.  ECF No. 142-3, p. 74-141.