**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL RAY HOGAN,

Petitioner,

v.

JEREMY BEAN,[1] et al.,

Respondents.

Case No. 2:97-cv-00927-GMN-PAL

**ORDER**

**I. Summary**

On June 4, 2025, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming in part and reversing in part Judge Mahan's final order denying habeas relief. See *Hogan v. Bean*, 140 F.4th 1001, 1025–34 (9th Cir. 2025). Mandate was entered on August 18, 2026. ECF No. 223. Judge Mahan recused from this case on August 21, 2026, and on that same day the case was reassigned to this judge for further proceedings. ECF 224-225. Accordingly, this Order sets forth the schedule of proceedings to be conducted according to the instructions contained in the Circuit's order of remand.

**II. Background**

On October 18, 2012, Hogan filed a Fourth Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 139. This Court granted the respondents' motion to dismiss Hogan's ineffective-assistance-of-trial-counsel (trial IAC) claims 2(A)-(G) and (I)-(O).

---

[1] Hogan is currently incarcerated at High Desert State Prison (HDSP). *See* NDOC Inmate Search. Jeremy Bean is the current warden for that facility. *See* High Desert State Prison (HDSP). At the end of this Order, it is kindly directed that the Clerk of Court substitute Hogan's current immediate custodian, Jeremy Bean, as the respondent in lieu of Renee Baker. *See* Fed. R. Civ. P. 25(d).

ECF No. 170 at 15, 17. A certificate of appealability was later granted for the question: "Whether the procedural default of Hogan's trial IAC claims should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012)." ECF No. 197 at 33. The Ninth Circuit Court of Appeals determined that, contrary to this Court's procedural ruling, Hogan demonstrated that he may be entitled to relief under *Martinez* for the default of his trial IAC claims 2(A)-(G) and (I)-(O). *See Hogan*, 140 F.4th at 1025–34. Accordingly, the Court of Appeals remanded for further proceedings to determine whether the default of those claims is excused under *Martinez* and whether it is appropriate to reach the merits of the claims. *See id.*

**III. Discussion**

"*Martinez* held that where state law requires trial IAC claims to be brought in state [post-conviction review] in the first instance, 'a procedural default will not bar a federal habeas court' from reviewing a trial IAC claim 'if, in the initial-review collateral proceeding, . . . counsel in that proceeding was ineffective.'" *Id.* (citing *Martinez*, 566 U.S. at 17; *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quotation omitted)). A petitioner must satisfy four requirements to benefit from the *Martinez* exception:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires [or effectively requires] that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Id.* (citing *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (emphasis omitted) (second and third alterations in original) (quoting *Martinez*, 566 U.S. at 13–14, 15–18)).

The question whether any of Hogan's Claims 2(A)-(G) and (I)-(O) presents a "substantial" claim of ineffective assistance of trial counsel is intertwined with the merits of the

claim. The Court therefore directs the respondents to file an answer to Claims 2(A)-(G) and (I)-(O) that addresses the merits of each of the claims and any arguments why the procedural default of those claims should not be excused under *Martinez*. Hogan will have an opportunity to file a reply, and the respondents will have an opportunity to file a sur-reply.

**IV. Conclusion**

It is therefore Ordered that the respondents shall file an answer within 60 days of entry of this Order that responds to Claims 2(A)-(G) and (I)-(O) of the petitioner's Fourth Amended Petition (ECF No. 139) and present arguments why the procedural default of those claims should not be excused under *Martinez*. Thereafter, the petitioner shall file a reply to the respondent's answer within 60 days. Respondents will then have 45 days within which to file a sur-reply.

It is further Ordered that it is kindly directed that the Clerk of Court substitute Jeremy Bean in lieu of the respondent Renee Baker.

Dated: August 24, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE